**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| GERARD T. CARROLL, and<br>DAPHNE P. CARROLL,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>BANK OF AMERICA, N.A.;<br>FEDERAL NATIONAL<br>MORTGAGE ASSOCIATION;<br>and MCCALLA RAYMER, LLC,<br><br>　　　　Defendants. | :<br>:<br>:<br>:<br>:　CIVIL ACTION NO.<br>:　1:12-CV-02506-RWS<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

## **ORDER**

　　This case comes before the Court on Plaintiffs Gerard and Daphne Carroll's ("Plaintiffs") Motion for Temporary Restraining Order and/or Preliminary Injunction [2] (the "Motion for TRO"), Motion to Extend Time to File Response to Motions to Dismiss [16] (the "Motion to Extend Time"), and Motion to Remand to State Court (the "Motion to Remand") [17].  After reviewing the record, the Court enters the following Order.

## **Background**

　　This case arises out of Plaintiffs' attempt to challenge the non-judicial foreclosure sale that occurred on July 3, 2012 of real property formerly owned

by Plaintiffs, located at 4305 Edgewater Drive NW, Kennesaw, GA 30144 (the "Property"). (Compl., Dkt. [1-1] ¶ 1; Opp'n to Pls.' Mot. for TRO, Dkt. [4] ¶ 2.) On June 28, 2012, Plaintiffs filed a Complaint in the Superior Court of Fulton County, Georgia, challenging Defendants Bank of America, N.A. ("BANA"), Federal National Mortgage Association ("Fannie Mae"), and McCalla Raymer, LLC's ("McCalla Raymer") (collectively, the "Defendants") right to foreclose on the Property. (Compl., Dkt. [1-1].)

Defendants BANA and Fannie Mae removed the case from Superior Court of Fulton County to this Court on January 19, 2012, pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446.[1] (Notice of Removal, Dkt. [1] at 1.) Plaintiffs filed their Motion for TRO on July 19, 2012. On July 26, 2012, Defendants BANA and Fannie Mae [8] and Defendant McCalla Raymer [12] filed separate motions to dismiss Plaintiffs' Complaint. On August 14, 2012, Plaintiffs filed their Motion to Extend Time and Motion to Remand.

Plaintiffs' Motion for TRO, Motion to Extend Time, and Motion to Remand are currently before the Court.

---

[1] On July 19, 2012, Defendant McCalla Raymer filed its Consent to Removal (Dkt. [1-2]).

2

**Discussion**

**I.      Plaintiffs' Motion for TRO [2]**

Plaintiffs filed their Motion for TRO to prevent the non-judicial foreclosure sale of the Property on July 19, 2012.  (Mot. for TRO, Dkt. [2].)  However, the sale had already taken place on July 3, 2012.  The Court cannot enjoin a foreclosure sale that has already occurred.  See Muhammad v. HSBC Bank USA, N.A., 399 F. App'x 460, 461-62 (11th Cir. 2010) ("[I]t is clear that the claim for injunctive relief is now moot because the foreclosure sale has occurred.  We therefore will . . . dismiss this claim for want of subject matter jurisdiction because it is moot."); Bandele v. Deutsche Bank Nat'l Trust Co., No. 1:11-CV-4257-TWT, 2012 WL 1004990, at *2 (N.D. Ga. Mar. 22, 2012) ("The claim for injunctive relief against the foreclosure sale is moot as the foreclosure sale has already taken place.").  Accordingly, Plaintiffs' Motion for TRO is **DENIED as moot**.

**II.     Plaintiffs' Motion to Remand [17]**

Plaintiffs filed a Motion to Remand, alleging that Defendants have not shown diversity jurisdiction under 28 U.S.C. § 1332.  Defendants respond that the case was properly removed pursuant to federal question jurisdiction under 28 U.S.C. § 1331 and supplemental jurisdiction under 28 U.S.C. § 1367.  (See

3

Notice of Removal, Dkt. [1].)  The Court agrees with Defendants and finds that Plaintiffs' Motion, which relies on 28 U.S.C. § 1332 to argue that this Court lacks subject matter jurisdiction, is without merit.[2]  Accordingly, Plaintiffs' Motion to Remand is **DENIED**.

### III.   Plaintiffs' Motion to Extend Time [16]

Plaintiffs filed their Motion to Extend Time pursuant to Federal Rule of Civil Procedure ("Rule") 6(b).  Plaintiffs argue that there was "good cause" for not filing a timely response to Defendants' motions to dismiss.  (Mot. to Extend Time, Dkt. [16] at 2.)  Specifically, Plaintiffs argue that counsel reasonably believed that a request for extension in the Motion to Remand would also serve as an extension of time to respond to Defendants' motions to dismiss.  (Id. at 3.)  Defendants respond that "attorney error based on a misunderstanding of the law [is] an insufficient basis for excusing a failure to comply with a deadline." (Def. McCalla Raymer's Opp'n to Pls.' Mot. to Extend Time, Dkt [19] at 4 (quoting Advanced Estimating System, Inc. v. Riney, 130 F.3d 996, 998 (11th Cir. 1997)); Defs. BANA and Fannie Mae's Opp'n to Pls.' Mot. for Extension of Time, Dkt [22] at 4-5.)

---

[2] A defendant may remove an action filed in state court to federal court based on either federal question jurisdiction under 28 U.S.C. § 1331 or diversity jurisdiction under 28 U.S.C. § 1332.  See 28 U.S.C. § 1441(a)-(b).

4

Under Rule 6(b)(1)(B), "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B).  In determining whether the movant's failure to act within the mandated time period was the result of excusable neglect, district courts may consider the following non-exclusive factors: (1) "the danger of prejudice to the [nonmovant]," (2) "the length of delay and its potential impact on judicial proceedings," (3) "the reason for the delay, including whether it was within the reasonable control of the movant," and (4) "whether the movant acted in good faith." Ojeda-Sanchez v. Bland, No. 608CV096, 2010 WL 1737591, at *1 (S.D. Ga. Apr. 29, 2010) (quoting Riney, 130 F.3d at 997-98).

Plaintiffs' Motion to Extend Time argues that judicial efficiency is served by allowing the Court to first decide Plaintiffs' Motion to Remand, then taking up other pending motions, if appropriate.  (Mot. to Extend Time, Dkt. [16] at 2.)  The Court accepts Plaintiffs' argument as a good faith effort to promote judicial efficiency.  Further, the Court finds that any prejudice to Defendants or disruption to judicial proceedings is minimal at this early stage in the litigation.  Accordingly, Plaintiffs' Motion to Extend Time [16] is **GRANTED**.  Plaintiffs

5

are ordered to respond to Defendants' motions to dismiss not later than March 22, 2013. If Plaintiffs fail to file a response by March 22, 2013, Defendants' motions will be deemed unopposed. See LR 7.1(B).

## Conclusion

In accordance with the foregoing, Plaintiffs' Motion for TRO [2] is **DENIED as moot** and Plaintiffs' Motion to Remand [17] is **DENIED**. Plaintiffs' Motion to Extend Time [16] is **GRANTED** and Plaintiffs are **ORDERED** to respond to Defendants BANA and Fannie Mae's Motion to Dismiss [8] and Defendant McCalla Raymer's Motion to Dismiss [12] not later than March 22, 2013.

**SO ORDERED**, this 8th day of March, 2013.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE